IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-01019-REB-CBS

MARGARET HEIL, and
JACQUELINE GRANT,

      Plaintiffs,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

    1    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning

of this term.

3. As used in this Protective Order, "Confidential Information" shall apply to the following information:

>(a) The parties and/or their representatives' or employees' personnel records;
>
>(b) The parties and/or their representatives' medical records;
>
>(c) The parties and/or their representatives' financial and tax records;
>
>(d) The contents of any Department of Corrections Investigator General report regarding the investigation of the complaints by either of the Plaintiffs, but specifically excluding any documents which were submitted by either of the Plaintiffs, such as their initial complaints and any responses and supporting documentation provided; and
>
>(e) Any documents containing identifiable information about inmates, including inmate names or treatment status.

The parties agree that some confidential records have already been produced, e.g. records containing inmate names and/or other inmate information and the parties agree that these records will be treated as confidential information subject to this protective order.

4. CONFIDENTIAL documents, materials, and /or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

>(a) attorneys actively working on this case;

      (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c) the parties, including designated representatives for the defendants;

      (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings n this case;

      (e) the Court and its employees ("Court Personnel");

      (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g) deponents, witnesses, or potential witnesses; and

      (h) other persons by written agreement of the parties.

5. Prior to disclosing and CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that her or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if opposing counsel demonstrates good cause for review.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in

a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party desiring to the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the party designating the information as CONFIDENTIAL fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective

        Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. CONFIDENTIAL information shall not be disclosed or used for any other purpose except the preparation and trial of this case.  In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C. Colo. L.Civ.R7.2 and the electronic filing procedures.

10. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each documents and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude other from obtaining such documents. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 6th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

The parties, by their respective attorneys of record, agree and stipulate to the entry of this Protective Order.

s/ Alison Butler Daniels
Alison Butler Daniels
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
Attorneys for Plaintiff

s/ Alison Kyles
Alison Kyles
Assistant Attorney General
1525 Sherman Street, 4th Floor
Denver, CO 80203
Attorney for Defendants DOC and Ortiz

s/ Jennifer Veiga
Jennifer Veiga
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202
Attorney for Defendant Hay